trusted to three, and one dies or is disqualified, I doubt if the others can act alone, as, in the event of division of opinion, there can be no decision."

The doubt suggested of the power of two surviving commissioners to act, because of the possibility of their disagreeing, is removed by the provision of section 3370 of the Code of Civil Procedure, which provides:

"After the testimony in each case is closed they (the three commissioners), or a majority of them, all being present, shall, without unnecessary delay ascertain and determine the compensation which ought justly to be made by the plaintiff to the owners of the property appraised by them."

It thus appears that a majority of three commissioners may act, all being present. If the statute means all three commissioners being present, then the surviving commissioners cannot act. If the statute means, as was stated in People v. Palmer, 52 N. Y. 83, that only those who are living are required to meet, then the two surviving commissioners can act. The apparent difficulty is easily solved by reference to section 41 of the general construction law (Consol. Laws, c. 21), wherein it is provided that, if one of such persons charged with a public duty shall have died, a majority of the whole number of such persons shall be a quorum of such body, and a majority of a quorum, if not less than a majority of the whole number of such persons, may perform and exercise such duty. So it appears that the two surviving commissioners have ample power to continue the work of the commission. There is no power specified in the condemnation law for the appointment of a successor to a deceased commissioner, and under the authorities above cited there is no necessity therefor.

Motion denied.

(70 Misc. Rep. 583.)

KIRKLAND v. NASSAU ELECTRIC R. CO.

(Supreme Court, Special Term, Kings County. February, 1911.)

1. INFANTS (§ 33*)—ALLOWANCE FOR SUPPORT—APPLICATION TO SURROGATE.
   All applications for allowances for an infant's support from trust funds should be made to the surrogate after the appointment of the general guardian.
   [Ed. Note.—For other cases, see Infants, Dec. Dig. § 33.*]

2. INFANTS (§ 33*)—ALLOWANCE FOR INFANT'S SUPPORT.
   While the Supreme Court has the amplest jurisdiction in the matter under Code Civ. Proc. § 2842 et seq., the surrogate's powers relating to guardians and wards are complete, and the best interests of an infant will be subserved by remitting applications for allowance for his support from trust funds to the surrogate.
   [Ed. Note.—For other cases, see Infants, Dec. Dig. § 33.*]

Action by Spencer Kirkland against the Nassau Electric Railroad Company. Application for the payment of trust funds to an infant for his support. Application remitted to surrogate.

Moses T. Barrows, for the motion.

KAPPER, J. [1] I have repeatedly stated, and so state again in this case, that there should be a general guardian of the infant's prop-

erty appointed by the surrogate to whom all applications should be made for allowances for the infant's support. The surrogate has a splendidly equipped bureau for the keeping of records of infants' estates, and I am opposed to the many indiscriminate applications to the justices of this court for the payment of trust funds of an infant for his support. If such applications are made to the surrogate, his records constantly inform him of the condition of the infant's estate, and on the arrival of the infant at majority something beneficial to the infant is of record, and probably on deposit, rather than a number of orders on file made by the justices of this court which without a system or record have gradually depleted, and perhaps extinguished, the entire fund.

[2] Under Code, § 2842 et seq., the surrogate's powers are complete, particularly those relating to an annual compulsory accounting by guardians on the surrogate's own initiation, and, while, of course, the Supreme Court has the amplest jurisdiction, the best interests of the infant will be subserved by remitting such applications to the surrogate, which, in the exercise of what I believe to be a sound discretion, I direct shall be done in this case.

Ordered accordingly.